IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS M. KLASSY,

        Plaintiff,

   v.

MARION FEATHER, et al.,

        Defendants.

Case No. 3:13-cv-00434-BR

ORDER

BROWN, Judge.

Plaintiff, an inmate at FCI Sheridan, brings this civil rights action *pro se*. Currently before the Court are Plaintiff's three requests for preliminary injunctive relief (#36), (#37), and (#43). For the reasons that follow, the Court DENIES Plaintiff's motions.

## BACKGROUND

On March 13, 2013, Plaintiff filed his initial claims against the Bureau of Prisons ("BOP") in the form of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On April 11, 2013,

1 - ORDER -

this Court denied the habeas petition, and granted Plaintiff leave to file an Amended Complaint. On May 13, 2013, Plaintiff filed an Amended Complaint alleging civil rights violations against individual staff members at FCI Sheridan and against the United States. Plaintiff's Amended Complaint alleges Defendants violated Plaintiff's rights when they refused to allow Plaintiff, who is a Seventh Day Adventist, to participate fully in Passover services.

Plaintiff's requests for injunctive relief do not pertain to his participation in any religious services or activities. Instead, Plaintiff requests the Court to restrain the BOP from transferring Plaintiff out of the District of Oregon for any reason pending the outcome of this action. Plaintiff also asserts he has been moved to administrative detention and does not have access to inmate email, his legal materials, or the electronic law library, and Plaintiff states his placement in administrative detention resulted in the loss of his access to chapel.

## LEGAL STANDARDS

To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests. Under the "traditional" standard, preliminary relief may be granted if the court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party has a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and (4) the advancement of

2 - ORDER -

the public interest favors granting injunctive relief. *Burlington N.R.R. v. Department of Revenue*, 934 F.2d 1064, 1084 (9th Cir. 1991).

Under the alternative test, the moving party may meet the burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Id.*; *Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Prudential Real Estate Affiliates v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000).

## DISCUSSION

As noted, the harms alleged in Plaintiff's requests for preliminary injunctive relief are not the subject of any claims in Plaintiff's Amended Complaint. Plaintiff's Amended Complaint alleges only claims related to the denial of access to the Passover religious services and activities. As such, Plaintiff cannot establish the likelihood of success on the merits of a challenge to his placement or his access to email, legal materials, and the law library.

3 - ORDER -

Moreover, in the event Plaintiff is transferred to another prison, this Court will retain jurisdiction over this action and Plaintiff would maintain the same legal rights he has now. As such, Plaintiff has not shown he would suffer irreparable harm in the event of such a transfer.

Plaintiff has not established he is entitled to the injunctive relief requested. Accordingly, the Court DENIES Plaintiff's motions.

## CONCLUSION

For these reasons, the Court DENIES Plaintiff's three requests for preliminary injunction (#37), (#38), and (#43).

IT IS SO ORDERED.

DATED this 20th day of December, 2013.

_____
ANNA J. BROWN
United States District Judge